UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Marian E. Parker

_____

_____

Write the full name of each plaintiff.

-against-

Israel Discount Bank of New York, Inc. and John Does [1-10]

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

21 CV 07196

_____CV_____
(Include case number if one has been assigned)

Do you want a jury trial?
☒ Yes   ☐ No

# EMPLOYMENT DISCRIMINATION COMPLAINT

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 3/24/17

## I. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Marian | E. | Parker |
|---|---|---|
| First Name | Middle Initial | Last Name |

208 E. 51st Street #326
Street Address

| New York | New York | 10022 |
|---|---|---|
| County, City | State | Zip Code |

212-629-1770
Telephone Number                     Email Address (if available)

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:   Israel Discount Bank of New York, Inc.
Name
511 5th Ave
Address where defendant may be served

| New York | New York | 10017 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:   John Does [1-10]
Name
Unknown
Address where defendant may be served

| Unknown | Unknown | Unknown |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City            State            Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

IDB Bank of New York
Name

511 5th Ave
Address

New York            New York            10017
County, City            State            Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: _____

☐ color: _____

☐ religion: _____

☐ sex: _____

☐ national origin: _____

- ☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

- ☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

- ☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

- ☒ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

- ☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

B. **Other Claims**

In addition to my federal claims listed above, I assert claims under:

- ☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

- ☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

- ☐ Other (may include other relevant federal, state, city, or county law):

    _____

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☒ terminated my employment
- ☐ did not promote me
- ☒ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☐ retaliated against me
- ☒ harassed me or created a hostile work environment
- ☐ other (specify): _____

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

See Attached Complaint

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☒ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?  November 29, 2019

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☒ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?  May 27, 2021 (Envelope: May 28, 2021)

When did you receive the Notice?  June 12, 2021

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)
Compensatory Damages (Front-Back Pay), Punitive Damages, Pain-Suffering, etc. (See Attached Complaint)

Page 6

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 8/26/2021 | | *Marian E. Parker* (signature) |
|---|---|---|
| Dated | | Plaintiff's Signature |
| Marian | E. | Parker |
| First Name | Middle Initial | Last Name |

208 E. 51st Street #326
Street Address

| New York | NY | 10022 |
|---|---|---|
| County, City | State | Zip Code |

212-629-1770
Telephone Number                          Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☒ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

For Section IV. of Complaint Template Form

STATEMENT OF CLAIM   Section B "FACTS"

# SUMMARY OF FACTS

1. Marian E. Parker ("PLAINTIFF"), currently Pro Se, is an IT Risk and Cybersecurity Risk professional based in the New York City metro area with an address at 208 E. 51st Street #326, New York, NY, 10022.

2. PLAINTIFF has a qualifying disability as defined by the Americans with Disability Act of 1990, amended.

3. PLAINTIFF was a full-time employee of Israel Discount Bank of New York, Inc. ("DEFENDANT") at their United States headquarters in New York City. DEFENDANT Israel Discount Bank of New York (oftentimes called IDB Bank) has an address at 511 5th Avenue, New York, NY 10017. Plaintiff was employed by DEFENDANT from Monday, December 3, 2018 until her termination date of Monday, February 4, 2019.

4. PLAINTIFF's official title was Vice-President, Technology Risk Officer. PLAINTIFF's functional common title was IT Risk and Cybersecurity Risk Officer. The role that PLAINTIFF had reported into the DEFENDANT's Risk Department/Division and not into the DEFENDANT's IT Department/Division. PLAINTIFF was recruited to interview and go through the hiring process with the DEFENDANT during the Fall of 2018 via an executive headhunter/recruiter. PLAINTIFF reported to Ahsan Sheikh ("CISO Sheikh") who was the CISO (Chief Information Security Officer) at the DEFENDANT.

5. PLAINTIFF was given a number of job responsibilities which included but were not limited to: conducting interdepartmental meetings on Information Security/Cybersecurity Risk Program management, vendor security assessments,

1

handling risk mitigation, doing cybersecurity risk reporting functions, adding commentary to bank risk policies, and contributing to information security training modules.

6. PLAINTIFF also did a number of random tasks that Technology Information Security Officers (TISO) didn't do. TISO's are technical cybersecurity staff who report to the CISO, but who have security monitoring, data loss prevention and security incident management as part of their job responsibilities. At the DEFENDANT, IT or Security Risk officers (ITROs) such as the PLAINTIFF are less technical and non-hands on in cybersecurity skillsets than TISOs.

7. PLAINTIFF completed all work assignments in a satisfactory manner from the time PLAINTIFF was hired to her termination date. PLAINTIFF even received compliments from peers and management on one major deliverable that PLAINTIFF completed for the DEFENDANT.

8. On PLAINTFF's way to work on the morning of Thursday, January 10, 2019, PLAINTIFF sustained a major injury to knees, hands and jaw during a painful, high speed fall on concrete. PLAINTIFF severely injured her left middle finger PIP joint (also referred to as Proximal Interphalangeal Joint) which bent backwards during the fall. This fall has permanently disfigured her finger. As a result, PLAINTIFF has had to wear a cast-splint, a joint stretch device, and bandages on her left finger from January 2019 up until the present date.

9. PLAINTIFF's left hand injury impacted her ability to type at a normal speed. PLAINTIFF was informed by a surgeon that the type of injury she sustained to her left finger could result in permanent disfigurement. PLAINTIFF was also told by various medical personnel that her serious injury could take a very long time to heal (over a year or more) and would require physical therapy.

10. Despite her injuries in January 2019, PLAINTIFF was still committed to doing her job at the DEFENDANT. PLAINTIFF still worked and produced deliverables in a timely manner as required by her job. PLAINTIFF spent a few extra hours at work nightly to get deliverables done due to slow typing caused by her injury.

11. Soon after the injury, PLAINTIFF informed her supervisor CISO Sheikh and co-workers that she could type, but that she was typing very slow and that she could not put pressure on her left hand on the keyboard because of the splint PLAINTIFF was wearing and because of pain in her left hand. PLAINTIFF also reminded co-workers that they may have to type meeting summary notes on her behalf for meetings that were sponsored by their team (also called CISO team or Information Security team).

12. For one specific meeting that PLAINTIFF was required to type notes in real time, PLAINTIFF asked her co-worker, Theodore Darko ("TISO DARKO") to type meeting notes on her behalf. PLAINTIFF still wrote the meeting agenda, organized and gathered all required information and data for the meeting, but PLAINTIFF could not type at the speed of talking and could not do real time dictation.

13. When PLAINTIFF asked TISO DARKO to do notes typing favor for her on or about January 23, 2019 for a meeting, PLAINTIFF started to be treated unfavorably and with hostility by her supervisor CISO Sheikh. A TISO taking notes is not a very significant or disruptive task to the CISO team at DEFENDANT. Prior to her arrival on the CISO team in December 3, 2018, TISO DARKO took notes on all or most CISO interdepartmental meetings.

14. PLAINTIFF informed her supervisor CISO Sheikh on or about Friday, February 1, 2019, that she was going to begin regular required physical therapy appointments for her finger and knees. PLAINTIFF let CISO Sheikh know that her knee physical

therapy appointments would take place after work hours in the evening but her physical therapy appointments for her finger would take place during work hours in the day due to the fact there are an extremely limited number of certified hand/occupational therapists (CHT/OCTs) that work late evening hours (after work hours) in New York.

15. CISO SHEIKH appeared to not be pleased to hear about her required physical therapy. PLAINTIFF believes this was because some Cybersecurity reporting was coming due soon in the following week. PLAINTIFF went to her initial physical therapy appointment on Friday, February 1, 2019. PLAINTIFF worked through the lunch hour on this day and went to her afternoon physical therapy appointment.

16. PLAINTIFF had also informed CISO Sheikh on or about February 1, 2019 that she may ask HR for an official medical accommodation form due to physical therapy she was going to get throughout the month of February and into March.

17. Knowing that she had a lot of physical therapy appointments to go to and further medical care, PLAINTIFF sent an email to Joan Burns, (Executive VP Human Resources) on the morning of Monday, February 4, 2019 asking about a reasonable medical accommodation form.

18. Over the lunch hour (on or about 12:00pm through 1:45pm on Monday, February 4, 2019), PLAINTIFF went to DEFENDANT's Human Resources office and asked staff to give her a medical accommodation form. One person from the front desk walked to the back of HR department and said that she spoke with someone by the name of Deborah Greene. PLAINTIFF didn't know Deborah Greene. They told PLAINTIFF that Deborah Greene was someone that worked for the DEFENDANT for a long time. PLAINTIFF was told by HR staff at the front desk that they didn't have a medical

accommodation form to provide and that PLAINTIFF should simply turn in a doctor's note to them once PLAINTIFF's gets it.

19. On or about an hour before the close of the workday on Monday, February 4, 2019, PLAINTIFF was suddenly called to Human Resources office by Robert Faynblut, First VP of Human Resources, ("FAYNBLUT"). He suddenly told PLAINTIFF that her job was terminated. CISO SHEIKH was in the room about to say something, but PLAINTIFF asked not to have to listen to Mr. Sheikh because of the disparate treatment PLAINTIFF endured from him during the previous week prior to that day.

20. FAYNBLUT explained that the reason for her termination was that PLAINTIFF 'was not compatible with the Core Banking Project." PLAINTIFF thought this was a very strange and contrived reason for her termination because PLAINTIFF had never worked on the Core Banking project at the DEFENDANT.

21. PLAINTIFF had never even attended or even been invited to any Core Banking project meetings. PLAINTIFF was an IT Risk and Cybersecurity Risk officer on the DEFENDANT's Information Security team doing cybersecurity risk work and was not part of any IT systems or project group in control over the DEFENDANT's Core Banking systems. PLAINTIFFs CISO team was not in charge or in any leadership position on the Core Banking project. Core Banking was run and managed by Defendant's IT not the CISO Team (Information Security Team).

## CAUSES OF ACTION

22. PLAINTIFF believes that FAYNBLUT'S reason for her termination was pretextual to cover up the fact that the DEFENDANT's management and Human Resources management was not willing provide a reasonable accommodation for her temporary disability as required under the Americans with Disabilities Act of 1990.

23. PLAINTIFF believes she was discriminated against and terminated by the DEFENDANT because she informed its management and Human Resources that she was typing slower than usual due to her finger injury and because she had requested to go to physical therapy appointments during day time hours.

24. PLAINTIFF believes the actual reason for her termination is because she requested reasonable medical accommodation for team members to types

25. PLAINTIFF believes that her termination is in violation of the Americans with Disabilities Act.

26. As a result of her belief and experience with the DEFENDANT, Plaintiff filed a complaint with the EEOC's New York District Office on or about November 29, 2019.

27. After an extensive investigation, the EEOC's New York District Office found a Reasonable Cause ruling in PLAINTIFFs favor on or about February 2021. The EEOC found reasonable cause to believe that PLAINTIFF was discriminated against and DEFENDANT violated one or more prevailing statues under the Americans with Disabilities Act.

28. During or about the week ending June 12, 2021, Plaintiff received a Right to Sue letter **(see EXHIBIT A)** issued by the EEOC's New York District office dated May 27, 2021 with an envelope US mail meter stamp of May 28, 2021, the day before the Memorial Day holiday break.

## RELIEF REQUESTED

29. Plaintiff requests that this court provide her Compensatory Damages which includes Front Pay and Back Pay. These Compensatory Damages would also include year-end performance bonuses and monetary benefits PLAINTIFF would have earned had she not been terminated.

30. Plaintiff requests Punitive Damages allowed by this court.

31. Reimbursement of Attorney's Fees.

32. Pain and Suffering and Humiliation from disparate hostile treatment and termination.

33. Reimbursement of medical and non-medical insurance and related expenses due to loss of employment in 2019.

34. Any other compensatory, punitive or other relief deemed just and proper by this court.

## JURY TRIAL DEMANDED

31. Plaintiff requests jury trial for this matter.

_____

PLAINTIFF Marian E. Parker, ProSe as of the date of this Complaint, attests and affirms that the facts and statements made in this complaint herein are true based on her information, experience and belief.

**Submitted to this Court on August 26, 2021.**

*/s/ Marian E Parker*

Marian E. Parker, Signature
Plaintiff Pro Se
208 E. 51st Street #326
New York, NY 10022
212-629-1770

# EXHIBIT A

## Parker vs. Israel Discount Bank of NY

EEOC Form 161-A (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: | Marian Parker<br>208 E. 51st Street,<br>#326<br>New York, NY 10022 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | | Telephone No. |
|---|---|---|---|
| 520-2020-01153 | Auriel Balbuena,<br>Investigator | | (929) 506-5281 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

VANESSA GUEST
Digitally signed by VANESSA GUEST
Date: 2021.05.27 10:08:39 -04'00'         FOR       5/27/2021

Enclosures(s)                   Judy A. Keenan,                          *(Date Issued)*
                                District Director

cc:  Melissa Chernofsky
     Associate General Counsel
     IDB Bank
     511 Fifth Avenue
     16th Fl
     New York, NY 10017

Enclosure with EEOC
Form 161-A (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was issued** to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"**Actual**" **disability or a** "**record of**" **a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either** "**actual**" **or** "**record of**" **a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), "**major life activities**" **now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of** "**mitigating measures**" (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is "**episodic**" (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

"**Regarded as**" **coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Enclosures(s)

cc: