USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/09/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
MARIAN E. PARKER,  :
                 Plaintiff,  :
   -against-  :
   :
   :         21-CV-7196 (VEC)
ISRAEL DISCOUNT BANK OF NEW YORK,  :
INC. and JOHN DOES [1-10],  :         OPINION AND ORDER
   :
                Defendants.  :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

This case arises from Defendant's[1] alleged discrimination against Plaintiff, whom Defendant allegedly fired shortly after she sought accommodations for a hand injury. Plaintiff originally sued *pro se* asserting only a claim under the Americans with Disabilities Act ("ADA"); she now seeks leave through counsel to amend her Complaint to add claims for sex discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), and claims for sex and disability discrimination pursuant to the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). *See* Pl. Not. of Mot., Dkt. 35. For the following reasons, Plaintiff's motion is DENIED in part and GRANTED in part.

---

[1] "Defendant" refers to Israel Discount Bank of New York, Inc. Although Plaintiff asserts claims against ten "John Doe" defendants, she does not specify their role in the events giving rise to her claims.

1

## BACKGROUND[2]

Plaintiff Marian Parker is an IT and cybersecurity risk professional. Proposed Amended Complaint ("PAC"), Dkt. 37-1, ¶ 1. Plaintiff was fired by Defendant Israel Discount Bank ("IDB") as Vice-President, Technology Risk Officer; she worked for IDB from December 3, 2018 until February 4, 2019. *Id.* ¶¶ 6–11. During her employment, Plaintiff reported to Defendant's Chief Information Security Officer, Ahsan Sheikh ("Sheikh"). *Id.* ¶ 11.

Plaintiff asserts that while her "male peers shared a large private office," she was given "a small, open desk in the hallway near the pantry, toilets, copier, and shredder." *Id.* ¶ 14. Moreover, Plaintiff was "regularly disrupted in the office by men who called her 'sweetheart' and 'honey.'" *Id.* ¶ 15.[3] A coworker commented on the fact that she has no children by noting that she worked so hard that she "couldn't even find the time to pump one out[.]" *Id.* ¶ 16. Sheikh, Plaintiff's supervisor, "often treated [her] in a dismissive and patronizing way" as compared to male employees. *Id.* ¶ 17.

On January 10, 2019, Plaintiff fell and severely injured a joint in her left middle finger. *Id.* ¶ 19. From the date of her fall until at least September 16, 2022, she had to wear a cast-splint, a joint stretch device, and bandages on her left finger, treatments which slowed her normal typing speed. *Id.* ¶¶ 20–22. Shortly after her fall, Plaintiff informed Sheikh and other coworkers that she might need colleagues to type meeting notes on her behalf because of her injury. *Id.* ¶ 22. After Plaintiff asked a male coworker to take notes on her behalf during a January 23, 2019 meeting, Sheikh started to treat her "unfavorably and with hostility . . . ." *Id.* ¶¶ 23–24. When

---

[2] For purposes of this motion, the Court assumes the truth of the factual allegations in Plaintiff's Proposed Amended Complaint ("PAC"), Dkt. 37-1. *See IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) ("[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss.").

[3] Plaintiff does not provide further detail on who made these comments or under what circumstances.

2

Plaintiff notified Sheikh on or about February 1, 2019 that she needed to attend physical therapy appointments during work hours, he "appeared to not be pleased . . . ." *Id.* ¶¶ 25–26. Plaintiff also informed Sheikh that she was considering asking Defendant's human resources department for a medical accommodation form to enable her to participate in physical therapy. *Id.* ¶ 28. On February 4, 2019, Plaintiff asked Defendant's human resources department for a medical accommodation form; she was told that she should submit a doctor's note instead. *Id.* ¶ 30. Later that day, Plaintiff was "suddenly" fired, purportedly because she was not compatible with one of Defendant's projects on which she had not worked. *Id.* ¶¶ 32–33.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on November 29, 2019, and the EEOC issued a right-to-sue letter on May 27, 2021. *Id.* ¶¶ 34–36. Plaintiff filed this action on August 26, 2021, *see* Compl. Dkt. 1, and counsel appeared on her behalf on January 4, 2022, Dkt. 12.

## DISCUSSION

As a general rule, *pro se* litigants are liberally granted leave to amend their pleadings when justice so requires. *See* Fed. R. Civ. P. Rule 15(a)(2); *see also Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). Leave to amend need not be granted, however, when amendment would be futile. *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). An amendment would be futile if it "could not withstand a motion to dismiss." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164–65 (2d Cir. 2015) (quoting *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)).

### I. Granting Plaintiff Leave to Amend Her Complaint to Add a Claim for Sex Discrimination Under Title VII Would be Futile

The Court denies Plaintiff's motion for leave to amend her Complaint to add a claim for sex discrimination under Title VII. Because she has not exhausted her administrative remedies, such an amendment would be futile.

It is well settled that "a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC" before filing a federal lawsuit pursuant to Title VII. *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) (citations omitted); *see also* 42 U.S.C. § 2000e–5(e), (f). Although "[c]laims not raised in an EEOC complaint . . . may be brought in federal court if they are 'reasonably related' to the claim filed with the agency," *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (citing *Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993)), such claims must be "sufficiently related to the allegations in the charge that it would be unfair to civil rights plaintiffs to bar" them, *Terry v. Ashcroft*, 336 F.3d 128, 151 (2d Cir. 2003). The Second Circuit has recognized limited circumstances in which claims are "sufficiently related" to the original EEOC charge that they need not be separately enumerated in order to exhaust administrative remedies, including where "the conduct complained of would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Id.* (quoting *Butts*, 990 F.2d at 1402–03). Allegations fall within the scope of an EEOC investigation when they are matters that the agency would have had reason to investigate. *Deravin*, 335 F.3d at 202. For example, "[c]laim[ing] that an alleged sexual harasser was reinstalled as [your] boss" provides enough notice for the EEOC to investigate sex discrimination even if "there was no check in the box marked 'Sex.'" *Williams*, 458 F.3d at 71.

4

It is undisputed that Plaintiff's EEOC charge explicitly raised disability-based discrimination only.  *See* Pl. Mem., Dkt. 36, at 3–4; *see also* EEOC Compl., Dkt. 38-1 (checking the box for disability discrimination only).  Plaintiff argues that her proposed Title VII claim is "reasonably related" to her EEOC charge, however, because she originally challenged Sheikh's decision to fire her, "stated that she was a woman," and discussed "unfavorable treatment compared with a male colleague" whom she had asked to take notes during a meeting.  Pl. Reply, Dkt. 44, at 3–4.

Plaintiff's argument boils down to: she identified herself as a woman and the supervisor she accuses of discriminatory conduct is a man and therefore the EEOC was on notice that she was complaining about sex discrimination.  Caselaw firmly establishes that such passing references to gender are inadequate.  *See Warshun v. N.Y. Cmty. Bancorp, Inc.*, 957 F. Supp. 2d 259, 268–69 (E.D.N.Y. 2013) (concluding that when plaintiffs sought to bring race-based discrimination claims "aris[ing] out of the same conduct" discussed in their EEOC charges but "[t]he only reference to race in the EEOC charges" was plaintiffs' "respective self-descriptions as Caucasian," plaintiffs failed to exhaust their administrative remedies with respect to their reverse racial discrimination claims); *Walsh v. Nat'l Westminster Bancorp., Inc.*, 921 F. Supp. 168, 171–72 (S.D.N.Y. 1995) (concluding that where retaliatory conduct discussed in a plaintiff's EEOC charge "lack[ed] any sexual dimension," the plaintiff failed to exhaust her administrative remedies with respect to her sexual harassment claim); *Dennis v. Pan Am. World Airways, Inc.*, 746 F. Supp. 288, 290–91 (E.D.N.Y. 1990) (concluding that "the facts given by plaintiff to the EEOC in her race claim were not sufficient to apprise the EEOC that a possible age claim was also lurking in the case" because, *inter alia*, "the allegation that plaintiff retired

earlier than she would have because of racial discrimination d[id] not ipso facto raise an inference of age discrimination").[4]

Because Plaintiff failed to exhaust her administrative remedies with respect to her sex discrimination claim, the Court denies her motion for leave to amend her Complaint to the extent that she proposes to add a claim of sex discrimination under Title VII.

### II. Granting Plaintiff Leave to Amend Her Complaint to Add a Claim of Sex Discrimination Under the NYSHRL or the NYCHRL Would be Futile

The Court also denies Plaintiff's motion for leave to amend her Complaint to add claims of sex discrimination under the NYSHRL or the NYCHRL. Because such allegations are untimely, such an amendment would be futile.

Claims under the NYSHRL and the NYCHRL are generally time-barred unless filed within three years of the alleged discriminatory acts. *See Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007) (citing N.Y. Exec. Law § 296; N.Y. C.P.L.R. § 214(2) (McKinney 2003); N.Y.C. Admin. Code § 8–502(d)). Defendant's alleged discriminatory acts took place between December 2018 and February 2019. *See* PAC ¶ 10. The statute of limitations, therefore, expired in February 2022. Because the original complaint was filed in August, 2021, the claims would be timely if the amended complaint "relates back" to the original complaint.

---

[4] Plaintiff's somewhat more detailed allegations in her EEOC rebuttal statement, EEOC Rebuttal, Dkt. 38-2, at 6, do not affect this analysis, as the Second Circuit has instructed courts to "focus" on "the factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which a plaintiff is grieving." *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003) ; s*ee also Hertz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 83 (2d Cir. 2001) (concluding that plaintiff's affidavit submitted after her charge "could not enlarge the scope of the charge to encompass new unlawful employment practices or bases for discrimination"); *Littlejohn v. City of New York*, 795 F.3d 297, 323 (2d Cir. 2015) (noting that the Second Circuit has "made clear that unsworn letters sent to the EEOC describing additional claims of discrimination unrelated to the claims described in the EEOC charge cannot enlarge the scope of the original charge to include new claims") (cleaned up); *Vaughn v. Empire City Casino*, No. 14-CV-10297 (KMK), 2017 WL 3017503, at *13 (S.D.N.Y. July 14, 2017) (concluding that a plaintiff's argument that his claim had been exhausted because he had made sufficient allegations in his EEOC rebuttal statement was foreclosed by Second Circuit caselaw).

An amended pleading "relates back to the date of the original pleading" when the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (quoting Fed. R. Civ. P. 15(c)(2)).  Relation back occurs when an "amended complaint does not allege a new claim but renders prior allegations more definite and precise . . . ." *Id.* (citation omitted).  The "central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Stevelman v. Alias Research Inc.*, 174 F.3d 79, 86 (2d Cir. 1999) (internal quotation marks and citation omitted).

Plaintiff's proposed sex discrimination claims do not relate back to her Complaint because they are based on newly alleged conduct, for the most part by newly discussed individuals:  the improper placement of her desk, disruptive comments made by unnamed male colleagues, and her supervisor's "dismissive and patronizing" attitude.  *See* PAC ¶¶ 14–17.[5]  *See ASARCO LLC v. Goodwin*, 756 F.3d 191, 203 (2d Cir. 2014) (concluding that newly added claims "based on different conduct, in a different location, and attributable to different [individuals] than the claims set forth in [the original] pleading" did not relate back); *Flum v. Dep't of Educ.*, 83 F. Supp. 3d 494, 498–99 (S.D.N.Y. 2015) (same with respect to NYSHRL

---

[5]  Although Plaintiff alleges as part of her state and city law causes of action that she was "fired for alleged failure to perform typing tasks," PAC ¶¶ 57, 65, she does not allege that she was fired because of her gender, which is necessary to establish a *prima facie* case under either statute.  *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (stating that to establish a gender discrimination claim under the NYCHRL, a plaintiff must demonstrate that "she has been treated less well than other employees because of her gender") (citation omitted); *Patane v. Clark*, 508 F. 3d 106, 112 (2d Cir. 2007) (stating that "[t]he *sine qua non* of a gender-based discriminatory action claim" under Title VII (and therefore under the NYSHRL) "is that the discrimination must be because of sex") (quoting *Leibovitz v. N.Y. City Transit Auth.*, 252 F.3d 179, 189 (2d Cir. 2001)).  The Court therefore does not consider this allegation as part of its analysis.  The Court also notes that although Plaintiff represented that she would limit any proposed amendment to a claim that she was unlawfully fired because of her sex, *see* Hearing Tr. (Aug. 26, 2022), Dkt. 43-5, 5:5–8, the only allegations in her PAC regarding sex discrimination involve other, previously unalleged conduct that occurred before she was discharged.  Plaintiff's assertion in her reply memorandum that she is not advancing a "hostile work environment claim separate from the claim for discriminatory filing," Pl. Reply, Dkt. 44, at 1–2, is unconvincing.

and NYCHRL discrimination claims); *cf. Hopkins v. Dig. Equip. Corp.*, No. 93-CV-8468 (JSM), 1998 WL 702339, at *2 (S.D.N.Y. Oct. 8, 1998) (finding that disability discrimination and retaliation claims did not relate back pursuant to EEOC regulations "even though those claims [were] based on incidents described in [the plaintiff's] original [EEOC] charge" because "neither disability discrimination nor retaliation claims flow from race discrimination claims") (citations omitted).

Plaintiff argues in the alternative that her claims are timely because the statute of limitations was tolled for the period between the filing of her EEOC charge and the issuance of a right-to-sue letter.[6] *See* Pl. Mem. 4. Although the Second Circuit has not spoken on this issue, Courts in this Circuit have concluded that the statute of limitations is tolled with respect to claims brought under the NYSHRL and the NYCHRL pending resolution of a plaintiff's "related" EEOC charge. *See Berlyavsky v. NYC Dep't of Envtl. Prot.*, No. 14-CV-3217 (KAM) (RER), 2015 WL 5772266, at *6 (E.D.N.Y. Aug. 28, 2015) (collecting cases); *Harris v. NYU Langone Med. Ctr.*, No. 12-CV-0454 (RA) (JLC), 2013 WL 3487032, at *23 (S.D.N.Y. July 9, 2013) (collecting cases). Because, as discussed above, Plaintiff's EEOC charge is not reasonably related to the sex discrimination allegations in her PAC, the EEOC charge did not toll the statute of limitations for her proposed sex-discrimination claims.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend is DENIED with prejudice with respect to proposed amendments regarding sex discrimination under Title VII, the NYSHRL, and the NYCHRL, and GRANTED with respect to proposed amendments regarding

---

[6] Plaintiff filed her EEOC charge on November 29, 2019 and the EEOC issued a right-to-sue letter on February 5, 2021. *See* PAC ¶¶ 34–36. Her EEOC charge was therefore pending for 434 days.

disability discrimination under the ADA, the NYSHRL, and the NYCHRL.[7]  Plaintiff must file any Amended Complaint in compliance with this Opinion and Order not later than Wednesday, November 23, 2022.  The Clerk of Court is respectfully directed to close the open motion at Docket 35.

**SO ORDERED.**

Date:  **November 9, 2022**  
         **New York, New York**

*[signature: Valerie Caproni]*

**VALERIE CAPRONI**  
**United States District Judge**

---

[7]    The Court does not consider the timeliness of Plaintiff's disability discrimination claims under the NYSHRL and the NYCHRL because Defendant has not raised this affirmative defense.  *See Allison v. Clos-ette Too, LLC*, No. 14-CV-1618 (LAK) (JCF), 2015 WL 136102, at *2 (S.D.N.Y. Jan. 9, 2015) ("The party opposing the motion to amend bears the burden of establishing that leave to amend would be futile.") (citations omitted); *Maggio v. City U. of N.Y.*, No-05-CV-4211 (BMC) (KAM), 2006 WL 8439324, at *3 (E.D.N.Y. Nov. 14, 2006) (declining to preclude amendments on the basis that they would contravene statutes of limitations because "the statute of limitations is an affirmative defense and [the] defendants [did] not raise[] it to argue futility").