USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

MARIAN E. PARKER,

    Plaintiff,

        v.

ISRAEL DISCOUNT BANK OF NEW YORK, INC.
AND JOHN DOES [1-10],

    Defendants.

---------------------------------------------------------------- X

Case No. 1:21-cv-07196 (VEC)

**[PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

VALERIE E. CAPRONI, United States District Judge:

    WHEREAS Plaintiff Marian E. Parker and Defendant Israel Discount Bank of New York (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

    WHEREAS, the Parties, through counsel, agree to the following terms;

    WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

    WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

    WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

    IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as "Confidential" only such portion of such material that consists of sensitive or proprietary non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the reasonable good faith opinion of the producing person, result in potential harm to the producing person's business, commercial, financial, or personal interests or reputation, or cause the production person to violate confidentiality obligations to others.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

4. With respect to deposition transcripts, a producing person or that person's counsel may indicate on the record during the deposition that a question calls for Confidential information, in which case the transcript of the designated testimony (consisting of question and answer) shall be bound in a separate volume marked "Confidential Information Governed by Protective Order" by the reporter. Deposition testimony may also be designated as "Confidential" within 30 days of receipt of the transcript and/or the specific exhibits that are to be designated "Confidential". If so designated, the final transcript of the designated testimony shall be bound in a separate volume marked "Confidential Information Governed by Protective Order" by the reporter. Unless otherwise authorized in writing, the entire deposition transcript will be treated as if it had been designated Confidential for a period of 30 days after a full and complete transcript of such deposition has been made available to all parties

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that the person previously produced without limitation should be designated as "Confidential", the producing person may so designate by notifying all recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as "Confidential" under the terms of this Protective Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

6. The parties may object in good faith to the designation of confidentiality. Any such objection should be made in writing and sent to the party or nonparty making the confidentiality designation, and include identification of the document(s) to which the objection is directed and the grounds for the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to the Court.

7. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Confidential" to any other person whomsoever, except to:

(a) the Parties to this action, including their senior management, owners, directors, and employees where such disclosure is necessary for purposes of this litigation only as well as their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any attorney, paralegal, clerical and other assistant employed by such counsel or law firm and assigned to or working specifically on this matter;

(c) outside vendors or service providers (such as independent copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system or e-discovery;

(d) any mediator or arbitrator or their representatives that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, to the extent necessary for purposes of the witness's testimony in this action only, and provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers and technicians engaged to transcribe and/or record depositions or hearings conducted in this action; and

(i) this Court, including any appellate court, and the court reporters and support personnel for the same.

8. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f) or 7(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial).

9. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Practices in Civil Cases.

10. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

11. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

12. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

13. All persons seeking to file redacted documents or documents under seal with the Court shall follow Section 5 of this Court's Individual Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers, unless otherwise required by FRCP Rule 5.2. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts

limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing. If after such efforts a party continues to assert confidentiality of Confidential Discovery Material that either party deems necessary to a court filing, the designating party will make the motion to request filing under seal.

14. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

15. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. Prior to the production of documents, a party may redact PII that it reasonably believes is not relevant to the issues and defenses in this matter (e.g. PII of a party's customers and clients). If the receiving party believes that the redacted material is relevant and necessary, the parties shall first meet and confer in good faith, and if unable to reach an agreed upon resolution, shall follow the Court's individual practice rules for discovery disputes.

16. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. In the event a party learns of a data breach or other cybersecurity event that may have led to unauthorized or inadvertent disclosure of Confidential Discovery Material, the party should notify all other parties as soon as practicable.

17. In addition to the terms of any applicable agreements and Court orders, the parties agree to abide by the obligations set forth in Fed. R. Civ. P. 26(b)(5)(B) and Federal Rules of Evidence 502 with respect to the inadvertent production or other possession of privileged or work-product protected material.

18. If, during the course of this litigation, a party reasonably determines that any document produced by another party or non-party or otherwise in their possession, custody or control is potentially subject to a legally recognizable privilege or work-product protection ("Protected Document"), the party who has such Protected Document shall: (1) refrain from reviewing the Protected Document any more closely than is necessary to ascertain that it is potentially privileged or otherwise protected from disclosure: (2) immediately notify the Producing Person in writing that it has discovered documents believed to be privileged or protected; (3) specifically identify the Protected Document(s) by either Bates number range or date, author, recipient(s) and general subject matter; and (4) within 5 days of discovery by such party, return or

destroy all copies of such Protected Document(s), along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of such party, that party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Document cannot possibly be returned or destroyed, such Protected Document shall not be reviewed, disclosed, or otherwise used by that party.

19. If the Producing Person intends to assert a claim of privilege or other protection over documents identified by the other party as Protected Documents, the Producing Person will promptly inform the receiving party of such intention in writing and shall thereafter provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or protection. In the event that a material portion of a Protected Document does not contain privileged or protected information, the Producing Person shall also provide to the other party a redacted copy of the document that omits the information that the Producing Person believes in subject to a claim of privilege and/or other protection.

20. If, during the course of litigation, a party determines that it has produced a Protected Document, the Producing Person shall notify, in writing, the receiving party within 10 days of discovering that it inadvertently produced the Protected Document, and demand the return of such document. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed in writing. The Producing Person's written notice will identify the Protected Document by Bates number range, the privilege or protection claimed, and the basis for asserting the privilege, and shall provide the receiving party with a log for such Protected Document(s) that is consistent with the requirements of Fed. R. Civ. P. The receiving party must then immediately return or destroy the Protected Document(s) and any copies. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Document(s) cannot possibly be returned or destroyed, they shall not be reviewed, disclosed or otherwise used by the receiving party. If the receiving party disclosed the Protected Document prior to the written notice described above, it must take reasonable steps to retrieve it.

21. The receiving party's return or destruction of a Protected Document as provided herein will not act as a waiver of that party's right to move for production of the returned or destroyed document(s) on the ground that the documents are not in fact subject to a viable privilege or protection.

22. Nothing contained herein is intended to, or shall, serve to limit a party's rights regarding a Protected Document under prior stipulation, court orders, or applicable law.

23. By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of Federal Rules of Evidence 502(d) and (e).

24. This Protective Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon

permission of the producing person, destroyed. Notwithstanding the foregoing, nothing set forth in this Order shall require the destruction of attorney work product, provided that it is maintained as confidential pursuant to the terms of this Order.

25. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

26. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

27. This Stipulation shall be legally binding on the parties and all those persons who are authorized to receive Confidential Discovery Material upon execution of this Stipulation by counsel and prior to it being So Ordered by the Court.

**SO STIPULATED AND AGREED.**

Dated: November 14, 2022

| | |
|---|---|
| VLADECK, RASKIN & CLARK<br>565 Fifth Avenue, 9th Floor<br>New York, New York 10017 | MORRISON COHEN LLP<br>909 Third Avenue, 27th Floor<br>New York, New York 10022 |
| */s/ Maia Goodell*<br>Maia Goodell, Esq.<br>Susanna Barron, Esq. | */s/ Keith A. Markel*<br>Keith A. Markel, Esq.<br>Alana R. Mildner, Esq. |

SO ORDERED

Dated:  November 15, 2022
             New York, New York

_____
VALERIE E. CAPRONI
United States District Judge